[No. 14373.   Department One.   November 23, 1917.]

GRANT SMITH et al., *Respondents*, v. FRED F. FISHER et al.,
*Appellants*.[1]

HUSBAND AND WIFE — COMMUNITY DEBT — JUDGMENT — SEPARATE ·
PROPERTY.  A judgment upon a community property note signed by
the husband alone, against the administrator of the estate of the
deceased husband and against the surviving wife is erroneous, as
being a judgment against the separate property of the wife.

COSTS—ON APPEAL—PREVAILING PARTY.   Where a judgment of
reversal against a deceased wife's separate estate was merely an in-
advertence, for which both parties were responsible and which could
have been corrected below, neither party will be allowed costs on
appeal.

Appeal from a judgment of the superior court for Lewis
county, Clifford, J., entered March 17, 1917, upon findings
in favor of the plaintiffs, in an action to foreclose a mortgage,
tried to the court.  Reversed.

*Ballinger & Hutson*, for appellants.

*Fred M. Bond*, for respondents.

PARKER, J.—This action was originally commenced in the
superior court for Benton county by the plaintiffs Smith,
Warren and Blair, as trustees for the depositors of Fisher
Brothers & Steiner, private bankers, of Lebam, in Pacific
county, hereinafter called the bank, seeking judgment upon a
note for $8,000, executed by the defendant Fred F. Fisher,
and the foreclosure of a mortgage executed by him and his
wife to secure the same, upon land in Benton county.  The
cause was, for the convenience of trial and by consent of all
the parties, transferred to the superior court for Lewis coun-
ty.  J. B. Blair, as receiver for the bank, having succeeded
to the rights of Smith, Warren and Blair, as trustees, was
brought into the case as a party thereto by consent of all
parties, and thereafter the case proceeded to trial upon the

[1]Reported in 168 Pac. 975.

merits, resulting in findings and judgment awarding Blair, as receiver, a judgment against the defendant Fisher, individually and as administrator of his deceased wife's estate, she having died pending the action, for the sum of $5,856, found by the court to be due upon the note, and also decreeing foreclosure of the mortgage, sale of the land covered thereby, and application of the proceeds thereof towards the satisfaction of the judgment. From this disposition of the cause, the defendant Fisher, individually and as administrator, has appealed to this court.

On June 27, 1914, appellant owed the bank the sum of $1,000, and desired to procure loans from the bank of additional sums to be advanced from time to time for the benefit of the Fisher-Sorenson Lumber Company in which he was interested. R. L. Fisher was then interested in the bank as a partner in the business. The note and mortgage were executed and delivered to him, as trustee for the bank, as security for the $1,000 already owing by appellant and for the additional sums to be advanced by the bank for the benefit of the lumber company. The partnership thereafter assigned the assets of its banking business, including this note and mortgage and the sums due thereon, to the plaintiffs Smith, Warren and Blair, as trustees for the benefit of the bank's depositors, evidently with a view to winding up their banking business. Thereafter, pending this action, respondent Blair succeeded to the rights of these trustees in the note and mortgage upon his appointment as receiver of the bank because of its insolvency. Blair thereupon, as such receiver, became a party to this action by consent of all parties, and filed his cross-complaint therein, seeking recovery upon the note and foreclosure of the mortgage in his own name as receiver.

The principal contention of counsel for appellants is that the debts evidenced by the note have been paid to the bank. This contention is rested upon a much involved state of facts which we think it would be unprofitable to review in detail here. It may be conceded that there is no very serious con-

flict in the evidence as to the detailed facts shown, but there is room for argument as to what inferences should be drawn therefrom touching the intention of the parties with reference to the alleged payment of the debts evidenced by the note and secured by the mortgage. A painstaking review of these much involved facts, as shown by the evidence, convinces us that there can be but little doubt that the bank did advance as loans upon the strength of the note and mortgage sums which, together with the $1,000 already owing by appellant to the bank, and interest, aggregated the amount for which the judgment was rendered. We are convinced, as the trial court was, that there was a failure to show payment or intention on the part of either those in charge of the bank's affairs or appellant to pay these debts to the bank. They were not paid in money, it is clear, nor do we think other notes, drafts, credits and debits relied upon as payment effected such payment, or were intended to effect such payment. In its last analysis, we regard the question of payment of these debts as one of fact. We agree with the conclusion of the trial court that they were never paid.

It is contended that the trial court erred in rendering a personal judgment against appellant Fisher as administrator of his deceased wife's estate, which in effect became a judgment against the separate as well as the community property of her estate. This, we think, is the effect of the judgment. It reads:

"That the defendant, J. B. Blair as receiver of Fisher Brothers & Steiner, Private Bankers, do have and recover of and against the defendants, Fred F. Fisher as administrator of the estate of Alena E. Fisher, deceased, the sum of $5,956."

We think the judgment is erroneous, as is conceded by counsel for respondents, in so far as it is a judgment against the separate estate of appellant's deceased wife, since it is plain that she did not sign the note here sued upon, and the debt evidenced thereby did not become her separate debt nor

binding upon her separate estate. Of course, her mere signature to the mortgage did not make it so.

We think other claims of error are without merit, and that the case does not call for further discussion.

Our conclusion is that the judgment should be affirmed, except in so far as it is a judgment against the separate estate of appellant's deceased wife, but that, in so far as it is a judgment against her separate estate, it should be reversed. It is so ordered.

The reversal of the judgment to the extent above indicated might seem to entitle appellant to costs in this court. We are convinced, however, from the record before us, that the error in rendering the judgment against appellant's deceased wife's separate estate was merely an inadvertence which counsel for appellant could have avoided by timely calling it to the attention of respondents' counsel and the trial court. Respondents' counsel, however, seem equally at fault in bringing about this error. We conclude that neither party shall recover costs in this court.

ELLIS, C. J., FULLERTON, MAIN, and WEBSTER, JJ., concur.